# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KESHIA SCOTT, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.                                  Case No. 6:13-cv-142-Orl-37KRS

CASH TO GO, INC.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant's Motion to Strike Class Action and Motion to Dismiss (Doc. 13), filed March 6, 2013;

2. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss/Motion to Strike (Doc. 17), filed April 12, 2013;

3. Plaintiff's Motion for Class Certification (Doc. 14), filed March 24, 2013; and

4. Defendant's Response in Opposition to Plaintiff's Motion for Class Certification and Incorporated Memorandum of Law (Doc. 16), filed April 8, 2013.

## BACKGROUND

Plaintiff is a blind individual. (Doc. 1, ¶ 1.) On January 4, 2013, she visited one of Defendant's automated teller machines ("ATM"). (Doc. 12, ¶ 3.) She alleges that the subject ATM was inaccessible to individuals who are blind, in violation of the Americans with Disabilities Act ("ADA"). (Doc. 1, ¶¶ 9, 11.) Plaintiff brought a class action suit under

the ADA, seeking declaratory and injunctive relief and attorney's fees and costs. (*Id.* at p. 11.)

Defendant moved to strike the class action and to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, claiming that the action is moot.[1] (Doc. 13.) Plaintiff did not timely respond. The Court directed Plaintiff to respond. (Doc. 15.) Defendant then responded to the portion of Defendant's motion seeking to strike the class action, but not to the portion seeking to dismiss. (Doc. 17.) Separately, Plaintiff moved to certify the class. (Doc. 14.) Defendant opposed. (Doc. 16.)

## STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss for lack of subject-matter jurisdiction. Attacks under Rule 12(b)(1) can be either "facial" or "factual." *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008). A facial attack challenges subject-matter jurisdiction based on the allegations in the complaint. *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990). A factual attack, on the other hand, challenges subject-matter jurisdiction in fact. *Makro Capital*, 543 F.3d at 1258. In resolving a factual attack, a district court may consider extrinsic evidence, such as affidavits and testimony. *Id.* "Since such a motion implicates the fundamental question of a trial court's jurisdiction, a 'trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case' without presuming the truthfulness of the plaintiff's allegations." *Id.* (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)).

---

[1] Defendant also argued that the subject ATM was not a "facility" covered by the ADA and that Plaintiff's claim must therefore fail. (Doc. 13, pp. 13–14.) The Court does not reach this issue, as it finds that it does not have subject-matter jurisdiction over this action, as discussed below.

2

**DISCUSSION**

Defendant argues that the Court lacks subject-matter jurisdiction over this action because Plaintiff's claim is moot, as Defendant voluntarily replaced the subject ATM with an ADA-compliant one. (Doc. 13, pp. 4–14.) In its response, Plaintiff does not dispute Defendant's contentions. (Doc. 17.) Defendant's motion to dismiss constitutes a factual attack as it relies on extrinsic evidence, namely, the affidavit of its owner. *See Morrison*, 323 F.3d at 925, n.5.

Article III of the U.S. Constitution limits the jurisdiction of federal courts to adjudicating actual cases or controversies. "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1282 (11th Cir. 2006 (citation and internal quotation marks omitted).

When a defendant voluntarily ceases its allegedly unlawful conduct, a case may be mooted and the court deprived of its subject-matter jurisdiction. *See Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). However, "the standard . . . for determining whether a case has been mooted . . . is stringent. A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* The "heavy burden" of persuading the court that the challenged conduct will not recur lies with the defendant. *Id.* The U.S. Court of Appeals for the Eleventh Circuit has articulated three factors that are relevant to determining whether a defendant's challenged conduct can be expected to recur: "(1) whether the challenged conduct was isolated or unintentional, as opposed

3

to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007).

The Court is convinced that the challenged conduct cannot reasonably be expected to recur and thus finds that this action is moot. First, the Court finds that the non-compliance of the subject ATM was an isolated incident. The subject ATM was replaced with an ADA-compliant one and all of Defendant's ATMs have been updated or replaced to comply with ADA requirements. (Michola Aff., Doc. 13, ¶¶ 4, 6.) Because Defendant updated every one of its ATMs, the challenged conduct does not constitute a "continuing practice." *See Sheely*, 505 F.3d at 1184–85 (citations omitted). Nor is Defendant likely to spend money to replace its current, compliant ATMs with non-compliant ones after completing the time-consuming and expensive project of updating them all.[2]

Second, the Court finds that Defendant's cessation was motivated by a genuine commitment to compliance rather than a desire to avoid liability. Plaintiff encountered the subject ATM and brought suit in January 2013. (Doc. 3; Doc. 12, ¶ 3.) At that time,

---

[2] In ADA cases involving architectural barriers remedied by structural changes, some courts have found that the conduct reasonably would not recur because the defendants would have no reason to alter the structural changes back. *See, e.g.*, *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 99 (D.D.C. 2007) ("The alleged discrimination cannot reasonably be expected to recur because structural modifications are unlikely to be altered in the future." (citation and internal quotation marks omitted)). Such cases can be contrasted with those where ADA non-compliance flows from an easily changeable policy. *See, e.g.*, *Sheely*, 505 F.3d at 1189 (concluding that the case was not moot where medical practice had a policy that service animals could not enter areas beyond waiting room). Here, Defendants' improvements to the ATMs are more akin to structural changes, as they are unlikely to be undone in the future due to both the effort and the expense involved.

Defendant had already begun a program of ensuring that its ATMs were ADA-compliant. Specifically, in 2012, Defendant hired an outside contractor "for the purpose of inspecting the roughly 300 ATMs owned by [Defendant], [and] confirming that they complied with ADA standards . . . ." (Michola Aff., ¶ 2.) Defendant was thus already working towards updating its ATMs before the instant action was initiated. *See Troiano*, 382 F.3d 1285–86 (determining that the defendant's intention was genuine where "both before and after" the subject incident, her "pattern of behavior proved her commitment" to ADA compliance). Even if the subject ATM was not replaced until after Plaintiff brought suit, the Court is satisfied that because Defendant had already begun making changes to its ATMs at the macro-level of its business, its voluntary cessation was not solely motivated by a desire to avoid liability but was in line with a pre-existing genuine intention.

Finally, Defendant has acknowledged its liability for the subject ATM's prior non-compliance. Defendant called the incident an "oversight" and explicitly stated that it "acknowledged its lack of compliance." (Doc. 13, ¶ 14, p. 9.) Thus, Defendant did not deny its liability for the allegedly non-compliant ATM.

Because the alleged ADA violation was an isolated incident and not a continuing practice, Defendant's voluntary cessation was motivated by a genuine commitment to compliance, and Defendant has acknowledged its fault, and especially in the absence of any contrary evidence proffered by Plaintiff, the Court finds that this case is moot. The Court thus lacks subject-matter jurisdiction. Accordingly, the Court hereby dismisses this case for lack of subject-matter jurisdiction.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Strike Class Action and Motion to Dismiss (Doc. 13) is **GRANTED IN PART AND DENIED AS MOOT IN PART**. The motion is granted as to the motion to dismiss for lack of subject-matter jurisdiction and denied a moot as to the motion to strike the class action.

2. Plaintiff's Motion for Class Certification (Doc. 14) is **DENIED AS MOOT**.

3. This case is **DISMISSED** for lack of subject-matter jurisdiction.

4. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 26, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record